John T. O'Connell 10715-0
Lee, Myers & O'Connell, LLP
40 Grove Street, #390
Wellesley, MA 02482
Telephone: (617) 716-7700
Email: oconnell@lmoclaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GARRETT E. TEAGLE, | ) COMPLAINT; SUMMONS |
| Plaintiff, | ) |
| vs. | ) |
| AQUAZONE, LLC, dba Aqua Zone Scuba & Snorkel Center and DEVON K. MERRIFIELD, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Garrett E. Teagle ("Plaintiff") for complaint against defendants above-named, alleges as follows:

## PRELIMINARY ALLEGATIONS
(Parties, Jurisdiction, and Venue)

*Plaintiff*

1. At all material times, Plaintiff was employed by Defendant Aquazone, LLC, dba Aqua Zone Scuba & Snorkel Center ("Defendant Aquazone") as an Instructor/dive guide crewmember aboard the dive vessel Aukai ("the vessel"), which was at all materials times in navigation.

2. At all material times, Plaintiff's duties contributed to the vessel's function and accomplishment of its mission, and his employment connection to the vessel was substantial in both duration and nature.

3. At all material times, Plaintiff was employed by Defendant Aquazone as a seaman within the meaning of 46 U.S.C. § 30104 ("Jones Act").

*Defendants*

4. At all material times, Defendant Aquazone was a domestic limited liability company or other business entity organized and existing under the laws of the State of Hawai'i, doing business in Hawai'i.

5. At all material times, Defendant Devon K. Merrifield ("Defendant Merrifield") was a principal and/or manager of Defendant Aquazone, and during the subject incident was master/captain of the vessel.

6. At all material times the vessel was licensed to carry passengers for hire, engaged in the dive charter business, owned by Defendant Merrifield, and operated by Defendant Aquazone.

*Jurisdiction*

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1). This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

*Venue*

8. Venue is proper in this district in that Defendants Aquazone and Merrifield are doing business here, and the subject incident occurred here.

OPERATIVE FACTS
(The Subject Incident)

9. On September 9, 2018, Plaintiff was scheduled by Defendants Aquazone and Merrifield to work as a dive guide and crewmember for a two dive charter off Oahu, Hawai'i, aboard the vessel, captained by Defendant Merrifield, in which there were three paying dive customers (collectively "the divers").

10. For the first scheduled dive of the day, Defendant Merrifield chose a shipwreck dive site off Waikiki known as the YO-257, with a bottom depth of approximately 90 feet below the surface.

11. At the site, Defendant Merrifield instructed Plaintiff to secure the mooring line of the vessel and guide the divers on a dive.

12. Plaintiff obeyed his instructions and escorted the divers from the surface down the mooring line to the YO-257 shipwreck on the bottom below, and began leading them on a dive around it.

13. Several minutes into the dive, Plaintiff saw that one of the divers was showing signs of anxiety and distress.

14. Plaintiff immediately went to him to provide assistance, at which point the diver was panicking, spit his scuba regulator out of his mouth, and started to bolt for the surface in an unsafe manner.

15. Plaintiff took hold of him, forced his emergency alternative air source into the diver's mouth, so that the diver could continue to breathe, and attempted to help him proceed to the surface safely.

16. The diver continued to panic and proceeded upward in an uncontrolled ascent, with Plaintiff still holding onto him to provide him with an air source, thereby causing them both to ascend very rapidly all the way to the surface.

17. Upon reaching the surface, Plaintiff further inflated the panicked diver's buoyancy compensation device and called to Defendant Merrifield for help, who was at that time alone on the vessel.

18. Defendant Merrifield unmoored the vessel, brought it to Plaintiff and the diver, and together they got the diver onto the vessel's boarding ladder.

19. Defendant Merrifield then directed Plaintiff to descend again to find the remaining two divers and bring them up.

20. Plaintiff obeyed his instructions, made his way back to the YO-257 shipwreck, saw that the remaining two divers were already ascending safely, and then ascended himself in a normal controlled manner.

21. Plaintiff then boarded the vessel, and almost immediately began exhibiting signs and symptoms of serious decompression sickness ("DCS" or "bends") and/or air embolism, including but not limited to dizziness and vomiting.

22. Defendant Merrifield asked Plaintiff what had happened and Plaintiff told him: the diver they assisted aboard had panicked and when Plaintiff went to his assistance, he caused them both to make a rapid uncontrolled ascent.

23. After hearing this, Defendant Merrifield nevertheless instructed Plaintiff to prepare the vessel for the second dive planned for the day, at a separate dive site called Turtle Canyons, which Plaintiff did, obeying his instructions.

24. When the vessel arrived at Turtle Canyons, Defendant Merrifield instructed Plaintiff to moor the vessel and escort the divers on the second dive, which he did, obeying his instructions, reaching a depth of approximately 39 feet.

25. When Plaintiff and the divers were back aboard the vessel after the second dive, Plaintiff again exhibited signs and symptoms of serious DCS/bends

and/or air embolism, including but not limited to chest tightness, shortness of breath, dizziness, and pain and/or numbness in his muscles, joints, and extremities.

26.   Defendant Merrifield made no effort to assess Plaintiff's condition, and instead brought the vessel back to its berth at Kewalo Basin as if nothing had happened, and instructed Plaintiff to secure the vessel and then drive the divers back to their hotel, which Plaintiff did, obeying his instructions.

27.   Afterward, Plaintiff became increasingly concerned about the signs and symptoms he was experiencing, and asked a friend to drive him to a hospital where he could get medical attention; at the hospital Plaintiff was assessed and diagnosed with DCS/bends, and then transferred to a hyperbaric treatment center in Honolulu, where he began receiving recompression treatment.

<u>FIRST CAUSE OF ACTION</u>
(Jones Act Negligence)

28.   This action arises under the Jones Act, 46 U.S.C. § 30104, and is asserted against Defendant Aquazone as Plaintiff's Jones Act employer.

29.   As his Jones Act employer, Defendant Aquazone owed Plaintiff a legal duty to provide him with a safe place to work.

30.   Defendant Aquazone breached its duty in multiple ways, including but not limited to its failure to institute proper procedures and work rules to protect its dive employees such as Plaintiff from barotrauma exposure, and/or its failure to

train its management employees and supervisors such as Defendant Merrifield to properly assess and respond to apparent barotrauma symptoms.

31. As a direct, legal, and proximate result of Defendant Aquazone's breach of duty, in whole or in part, Plaintiff has incurred, and in the future will incur medical expenses, in amounts to be determined at the time of trial.

32. As a further direct, legal, and proximate result of Defendant Aquazone's breach of duty, in whole or in part, Plaintiff has lost earnings, earning capacity, and other economic losses, in amounts to be determined at trial.

33. As a further direct, legal, and proximate result of Defendant Aquazone's breach of duty, in whole or in part, Plaintiff has suffered, and in the future will continue to suffer, physical and emotional pain and suffering, and/or disabilities and deficits, in extents to be determined at trial.

SECOND CAUSE OF ACTION
(Vessel Master's Negligence)

34. This action arises under 46 U.S.C. § 30103, and is asserted against Defendant Merrifield as the master/captain of the vessel in the subject incident.

35. As master/captain of the vessel, Defendant Merrifield owed Plaintiff a legal duty of reasonable care under the circumstances, which circumstances included, among other things, the fact that the vessel was engaged in a dive charter and the fact that Defendant Merrifield held himself out as a dive professional.

36. Defendant Merrifield breached his duty of care, including but not limited to his failure to properly assess and respond to the barotrauma exposure exhibited by Plaintiff during the subject incident.

37. As a direct, legal, and proximate result of Defendant Merrifield's breach of duty, in whole or in part, Plaintiff sustained the damages alleged in paragraphs 31-33 hereinabove, in amounts to be determined at trial.

THIRD CAUSE OF ACTION
(Unseaworthiness)

38. This action arises under the general maritime law of the United States, and is asserted against Defendant Aquazone.

39. By operation of law, Defendant Aquazone warranted to Plaintiff that the vessel was reasonably fit for its intended service as a dive vessel in its equipment, appliances, procedures, and personnel.

40. Defendant Aquazone breached said warranty, including but not limited to its failure to institute proper procedures and work rules aboard the vessel to protect its dive employees from barotrauma exposure, and/or its failure to man the dive vessel with a competent master/captain able to properly assess and respond to serious barotrauma signs and symptoms.

41. As a direct, legal, and proximate result of Defendant Aquazone's breach of warranty, in whole or in part, Plaintiff sustained the damages alleged in paragraphs 31-33 hereinabove, in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
(Maintenance and Cure)

42. This action arises under the general maritime law of the United States, and is asserted against Defendant Aquazone.

43. By operation of law, as an incident of his employment as a crewmember aboard the vessel, Defendant Aquazone had a legal obligation to provide maintenance and cure to Plaintiff should he become ill, injured, and/or disabled in his service to the vessel.

44. Plaintiff became ill and was injured and disabled while working aboard the vessel during the subject incident of September 9, 2018.

45. As a result of Plaintiff's illness, injury, and disability beginning then and there, Defendant Aquazone was and continues to be obligated to provide maintenance and cure to Plaintiff, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays that judgment be entered herein in his favor, and against Defendants, jointly and severally, as follows:

A. For general and special damages according to proof;

B. For costs of suit, prejudgment interest, and attorneys' fees; and

C. For such further relief as the Court deems proper and just.

/s/ John T. O'Connell
John T. O'Connell
Attorney for Plaintiff